## SUPREME COURT.

### HUNTOON, administrator agt. RUSSELL.

*Misdirections by the court to the jury, when must be reviewed by exceptions as error, and not by motion for irregularity.*

The jury in this case, after having been out some time, came into court and stated their inability to agree; whereupon the judge, among other things, remarked that the case was of too much importance to the parties to have a disagreement; that the verdict was the judgment of twelve men and each man formed one-twelfth part; that no man should be so obstinate as to say, "I will have my own way or I will not have it at all," because he must remember that he formed only one-twelfth part; that it was better in cases of this sort that a judgment of doubtful propriety be rendered than none at all; because if the jury should render a judgment then the parties would know what their rights were and could act accordingly; whereas, if they did not render a verdict, no progress was made and the parties were punished by the disagreement; that it was a reproach to the administration of justice; that courts were organized that parties could come in and have their rights determined, &c.

The jury returned to their room and soon after came into court and brought in a verdict for the defendant. Exceptions were duly taken to the remarks of the judge, which were duly entered.

Passing over one or two preliminary objections to this motion, the judge was of opinion that the portion of the remarks to the jury, to which objection could fairly be taken, raised a question of *error* rather than of *irregularity*, and must be reviewed on bill of exceptions and not decided on motion. Motion denied.

*Saratoga Special Term, August* 31, 1875.

BOCKES, *J.* — This is a motion to set aside the verdict of a jury, and subsequent proceedings, for irregularity, or as stated in the order to show cause, on account of misdirections of the judge to the jury. The irregularity or misdi-

Huntoon agt. Russell.          •

rection, relied on as the basis of this motion, is to the effect following: That, the jury having been out a considerable time, came into court and stated their inability to agree, whereupon the judge, among other things, remarked that the case was of too much importance to the parties to have a disagreement; that the verdict was the judgment of twelve men, and each man formed one-twelfth part; that no man should be so obstinate as to say, "I will have my own way or I will not have it at all" (because or that), "he must remember that he formed only one-twelfth part; that it was better in cases of this sort that a judgment of doubtful propriety be rendered than none at all, because, if the jury should render a judgment, then, the parties would know what their rights were, and could act accordingly, whereas if they did not render a verdict no progress was made, and the parties were punished by the disagreement; that it was a reproach to the administration of justice; that courts were organized that parties could come in and have their rights determined." Some other remarks were also made which it is deemed unnecessary here to repeat; whereupon the jury returned to their room, and soon after came into court with a verdict for the defendant. Exceptions were taken to the remarks of the judge, and were duly entered.

Passing over the objections urged against the present motion: (1), that it should have been made before the judge who tried the case; and (2), that it is not made in due time, I am of the opinion that the portion of the remarks to which objection can be fairly taken, raises a question of *error* rather than of *irregularity*.

In *Green* agt. *Telfair* (11 *How.*, 260) it was held that, while all proper motives to induce a jury to agree might be earnestly urged, they should be left to entire freedom in their deliberations, without animadversion and without the least appearance of duress or coercion. In this case it was considered that the jury were threatened with inconvenience, and were to some extent coerced and intimidated, so that their

deliberations were not left free, and the verdict was set aside on motion. The course pursued by the judge was deemed improper and irregular; not as violating any rule of law applicable to the case to which exception might be interposed for error, but as an irregular procedure in the conduct of the trial. *

In *Caldwell* agt. *New Jersey Steamboat Co.* (47 *N. Y.*, 282) the judge told the jury that if they did not agree he would feel it his duty to keep them together until Monday, it then being Thursday. This remark was held to be one relating to the proper conduct of the trial, to be considered and corrected on motion, not reviewable on bill of exceptions; that it was to be considered on the same footing as a motion to set aside a verdict as for misconduct of the jury.

I think the portions of the judge's remarks here subject to criticism, relate to the manner in which the jury should take up and consider the case. In this view they bore upon the merits of the controversy and were, in effect, instructions to guide them in their deliberations and reasonings. I do not allude here to all the remarks of the learned judge, as many of them were, in my judgment, very proper, with a view to induce the jury to reach unanimity; but I refer to such as are open to just criticism. The judge had a right, as was said in *Green* agt. *Telfair*, to urge the jury to an agreement and to explain the theory of a jury trial, and to show how it gave parties the mutual judgment of twelve minds upon the questions at issue; and he may direct their attention to the importance of an agreement, how that would save time and expense.

Now, in the case in hand, the learned judge did all this, as it was right he should do; and, as is claimed, he did more: that he stated, and in effect instructed and directed the jury that it was better in this case that a verdict of doubtful propriety be rendered than none at all. This was a statement

---

* The case of *Green* agt. *Telfair* is now questioned as authority (*Erwin* agt. *Hamilton*, 50 *How.*, 32).

Huntoon agt. Russell.

of principle, declared to be applicable to this case and bearing on the merits, and if unsound was the subject of an exception; if wrong, it was a wrong instruction. It introduced, if erroneous, an erroneous element for consideration into the case, as regards the merits of the subject the jury were to determine. It in no way interfered with their freedom of action; it involved no element of coercion or intimidation, or of personal inconvenience, hence, it was not an irregularity in the conduct of the trial. Their deliberations were left free, but a rule or principle was given them to govern their reasoning in considering the merits of the case, to wit: that a judgment or verdict of doubtful propriety was better than none at all. This instruction was such as might well influence the jury in making up their verdict when considering the merits. So it may be argued, and must be inferred, that the jury acted upon this instruction; and this, under the exception, raises a question of law as regards the principle given them for their guidance. The question stands, as it seems to me, like all alleged misdirections of the judge to the jury, to be reviewed on bill of exceptions, not to be considered on motion. I am of the opinion that the motion must be denied, without attempting to determine the soundness or unsoundness of the instruction given by the learned judge, above considered; and for the reason that the grounds of motion are such as must be reviewed on bill of exceptions.

Perhaps there may be, also, one or two other remarks worthy of discussion, on alleged error, besides the one which I have above quoted and given prominence; if so, they, too, belong to the same class, and must be considered on bill of exceptions.

It is not deemed of any importance that one of the moving affidavits is made by a juror. He simply swears that the remarks of the judge had influence with the jurors in their deliberations. This was no more than what would be necessarily implied. The case on this motion would stand the

same, I think, were the affidavit of the juror rejected; hence, the question whether this affidavit, being the affidavit of a juror, can be read to impeach the verdict, is without significance and need not be examined.

The motion must be denied, with ten dollars costs.

NOTE. — We think this case will have to be considered as *sui generis*. Its like will not be found probably in the whole history of jurisprudence. The wonderful power of analysis and of arithmetic are conspicuously displayed in it. For instance twelve jurymen are disintegrated and brought down to one-twelfth part of a juror in order to find one-twelfth part of the verdict, and while in this state, these particles of intelligence, by some effective process not readily discovered, are brought into perfect unison and accord, and by the multiplication of twelve, each juror becomes possessed of his full stature as a juror, and the whole twelve are ready to walk into court and render a unanimous verdict. And it will be seen that it is not essential that such unanimous verdict should be according to right and justice, because it is better that a judgment of doubtful propriety be rendered than none at all, as the parties' rights are more easily determined by a doubtful judgment than by none at all. It is not discovered why this principle may not apply to the judiciary as well as to jurors. For illustration, three judges are holding general term of their court; they get bothered and perplexed over a case under advisement, and finally agree to resolve themselves into one-third of a judge each, for the purpose of settling one-third of the decision, and by this mysterious power of attraction their reason and intelligence become perfectly fused into unison, and by the multiplication of, three, they find themselves reinstated as three full and competent judges, ready to announce a unanimous decision; whether it is of doubtful propriety or not is of no consequence, as long as it is a unanimous decision.

It is to be hoped, for the honor of the judiciary and the legal profession, and the security of trial by jury, that another such case may never again disgrace the judicial records of this state. — [REP.